[No. 26127. Department Two. September 23, 1936.]

T. W. WEBB, *Appellant*, v. H. F. MILLER *et al.*,
*Respondents.*[1]

*J. W. Graham,* for appellant.

*Marion Garland* and *Whittemore & Truscott,* for respondents.

MAIN, J.—This is an action for damages growing out of an automobile collision. The plaintiff sought to recover for personal injuries, and also for damage to his automobile. The defendants denied liability and, by cross-complaint, sought recovery against the plaintiff. The cause was tried to the court without a jury, and resulted in findings of fact from which it was concluded that neither the plaintiff nor the defendants were entitled to recover. From the judgment dismissing the complaint, the plaintiff appeals. The defendants did not appeal.

The accident happened at about two o'clock in the afternoon November 12, 1934, on the Navy Yard high-

[1]Reported in 60 P. (2d) 703.

way near what is known as "Forest Beach." This
highway extends in a generally east and west direction,
and is hard surfaced to the width of eighteen feet. The
collision occurred at a twenty degree curve about three
hundred feet east of the Forest Beach Tavern. An
engineer testified that the visibility at this curve was
from two hundred to two hundred and fifty feet. The
day was clear, and the road was dry. No other traffic
was in the vicinity.

The respondents, H. F. Miller and Esther Miller,
his wife, had left the city of Bremerton a short time
before, intending to go to Portland by way of Shelton.
They were proceeding west in a Buick automobile,
driven by Mr. Miller. The appellant had left his home
in Mason county, intending to go to Bremerton and
then take the ferry to Seattle. He was proceeding
east on the highway in a Ford automobile. In the
center of the highway was a yellow strip.

As the appellant approached from the west, the re-
spondents were rounding the curve from the east, and
the left fronts of the automobiles came together. The
respondents were on the inside of the curve and, as
they testified, on their right-hand side of the road.
The appellant was on the outside of the curve, and had
been proceeding, as he approached it, on his right-
hand side of the road.

The appellant testifies that the left side of the Buick
car was over the yellow strip. The respondents testify
that they saw the Ford approaching when it was two
or three hundred feet away; that at that time it was
on its right-hand side of the road, but that, when it got
within twenty-five to fifty feet of the Buick car, it
drifted over the yellow line, and the driver of the Buick
did not have time to swing away and avoid the ac-
cident. The Ford was traveling at a speed of ap-

proximately twenty-five miles an hour, and the Buick at about thirty-five.

The ultimate question presented is one of fact, and that is, which of the automobiles was over the yellow line. The testimony of the parties upon this question is directly in conflict. The appellant testified that, as he passed Forest Beach Tavern, he recognized three or four friends therein and waved to them. In doing this, his attention was necessarily diverted from the road to his friends. As appears from the appellant's testimony, he did not see the Buick automobile approaching until almost the instant of impact. It seems to us that, after considering all of the evidence, the only reasonable explanation of what caused the collision is that the appellant, after having greeted his friends at the tavern, was a little tardy in returning his eyes to the highway.

There was evidence offered by the appellant as to the excessive speed of the Buick as it approached the curve a quarter of a mile away, and also as to whether Mr. Miller was intoxicated. As to the matter of intoxication, the decided weight of the testimony is that Mr. Miller was not intoxicated at the time. As to the excessive speed, the trial court placed little reliance upon the two witnesses who testified to that, and we are in accord with the trial court in this respect; likewise, with reference to the two witnesses who testified to tire marks on the pavement. It is hardly reasonable to say that either automobile, as it approached the place where they collided, would leave tire marks upon a dry, hard-surfaced road.

It is said, however, that the physical facts show that the Buick was the car that was over the yellow strip. This contention is based largely, if not entirely, upon the condition of the cars after the impact, both of which were badly damaged, and their respective

positions upon the road. The Ford car turned over, and the Buick stopped within a space of not more than twenty feet from the point of collision. We are not impressed with the argument that, from the condition of the automobiles after the accident and their respective positions upon the pavement, any reasonable inference can be drawn as to which was over the yellow strip.

A further review of the testimony would not be helpful, the question being purely one of fact. It is our view, after considering all the evidence, that the trial court correctly found that the appellant was not entitled to recover.

The judgment will be affirmed.

MILLARD, C. J., BEALS, BLAKE, and MITCHELL, JJ., concur.